David Abrams, Attorney at Law (NDNY No. 701253)
PO Box 3353 Church Street Station
New York, NY 10008
212-897-5821 dnabrams@gmail.com



U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**

SEP 1 6 2024

AT_____ O'CLOCK_____
John M. Domurad, Clerk - Albany

United States District Court
Northern District of New York

| | | |
|---|---|---|
| United States of America ex rel.<br>GNGH2 Inc.,<br>        Plaintiff-Relator,<br><br>        - against -<br><br>SARK WIRE CORP.,<br><br>        Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | **TO BE FILED UNDER**<br>**SEAL PURSUANT TO**<br>**31 U.S.C. § 3730(b)(2)**<br><br>Case No. 1:24-cv-1120 (AHN/CFH)<br><br>**Complaint Under the False**<br>**Claims Act** |

Plaintiff-Relator, complaining of the Defendant by its attorney, David

Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

## I.      Nature of the Case

1.      This is a false claims act claim.  The Qui Tam Plaintiff and Relator, GNGH2

Inc. ("Relator"), alleges that the Defendant fraudulently obtained CARES Act

disaster relief by means of fraudulent certifications of eligibility.  As set forth in

more detail below, second-round PPP funding is barred to entities which exceed

the applicable size standards.

## II.    Parties

2.      Defendant SARK WIRE CORP. ("Defendant") is a Delaware business corporation with a principal office in **Albany County, New York**.

3.      The Relator, GNGH2 Inc. ("Relator" or "Plaintiff") is a New Jersey corporation with a principal office in **Bergen County, New Jersey.**

## III    Compliance with Requirements of Suit

4.      This matter will be filed under seal pursuant to 31 U.S.C. Section 3730(b) and at or about the same time, a copy of the Complaint, any Sealing Order, and Relator's disclosure of evidence will be served on the Department of Justice and the United States Attorney for the District in which this matter has been filed.

5.      Relator will not serve the Complaint or any other papers in this matter until and unless it becomes unsealed.  Thus, if the Complaint is served on the Defendant, it means that the matter has been duly unsealed.

## IV.    Jurisdiction and Venue

6.       This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where any Defendant resides or transacts business.  In this case, the Defendant's principal office is located in **Albany, New York**.

## V.    Background

7.    Throughout most of 2020 and continuing into 2021, the United States was faced with a large scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19." (the "Coronavirus Epidemic").

8.    In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

9.    All of the above has resulted in major economic disruption and as a result Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, commonly known as the "CARES Act."

10.    The CARES Act contains a provision which permitted qualifying business which were affected by the foregoing disruption to obtain forgivable disaster loans.

11.    The CARES Act was subsequently amended to provide for a second round of disaster funding.  Significantly, an applicant is ineligible for such funding if its total size exceeds the legal maximum of 300.

**[continued on next page]**

12. The Defendant in this matter is part of a firm which manufactures copper products. It received second draw PPP disaster relief as follows:

| Date | Amount | Loan # | Forgiven |
|---|---|---|---|
| 1/23/21 | $1,061,392 | 4581658308 | 6/15/2021 |

13. Thus, on or about January 23, 2021, Defendant completed Form 2483-SD which required it to certify that including its affiliates it did not have more than 300 employees.

14. This certification was false when made as set forth below.

15. At all times relevant to this matter, the Defendant was an affiliate of a larger concern called Sarkuysan Elektrolitik Bakır San. Tic. A.Ş which had far more than 300 employees.

16. Moreover, the foregoing information is available on the websites of the Defendant and/or its affiliates.

17. Thus, Defendant's authorized representative must have been either aware of this information or reckless in regards to same.

18. Thus, Defendant made a fraudulent representation when it completed form 2483-SD.

19. As a result of these statements, the Defendant received (and the United States paid) substantial funds to which it would not otherwise have been entitled.

## VI.    (Count I)  Violation of the False Claims Act

20.    The False Claims Act imposes liability on a person or entity who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim"  31 U.S.C. Section 3729(a)(1)(B)

21.    The Courts have held that this can include false statements regarding eligibility to participate in a program.  See *United States ex rel. Kirk v. Schindler Elevator Corp.*,  601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

22.    Thus, the Defendant's certifications of eligibility violated the False Claims Act because they were false, fraudulent, and required for eligibility for disaster relief.

## VII.   Relief Sought

23.    On behalf of the government, Relator is seeking judgment for triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

24.     The Defendant received $1,061,392 (and the United States paid) in disaster relief as a result of the certifications set forth above.

25.     Additionally, the United States paid $31,841.76 in processing fees and $3,832.80 in interest in respect of the loan.

**[continued on next page]**

26.    Accordingly, Relator seeks judgment in the amount of  $ 3,291,199.68

against the Defendant and in favor of the United States, together with costs,

attorney's fees, interest, civil penalties, an appropriate qui tam award, and such

other and further relief as the Court deems just.


Respectfully submitted,


David Abrams, Attorney at Law (NDNY 701253)
 Attorney for Relator
GNGH2 Inc.

PO Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
Fax  212-897-5811

Dated:     Delhi, NY
           September 14, 2024